## MEYER v. SCHWINGER.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

MASTER AND SERVANT (§ 3*)—CONTRACT OF HIRING—CONSTRUCTION.

A written contract, whereby defendant engaged plaintiff for 11 months as foreman of his factory at a weekly salary and a bonus payable monthly, and whereby plaintiff agreed to furnish defendant with as many first-class operators as necessary and to attend to his duties to the satisfaction of defendant, imported a hiring of the plaintiff and an obligation on his part to serve during the term of the contract, and the contract was not unilateral.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 2, 3; Dec. Dig. § 3.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Meyer against Benjamin Schwinger. From a judgment dismissing the complaint, and also from an order denying plaintiff's motion for a new trial, he appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Bogart & Bogart, of New York City (I. Weckstein, of New York City, of counsel), for appellant.

Abraham A. Silberberg, of New York City, for respondent.

GERARD, J. Plaintiff brought this action to recover for breach of a written contract entered into between plaintiff and defendant. The making of the contract and the employment of plaintiff thereunder was admitted. The complaint was dismissed on the theory that the contract was unilateral, and that under it the plaintiff was not bound to do anything on his side.

The contract in question reads as follows:

Benj. Schwinger.                                        Telephone Connection.
Frank A. Miller.

B. Schwinger & Co.,
Makers of Ladies' & Misses' Suits and Coats,
15–19 East 26th Street (Madison Square North).

New York, Jan. 2, 1911.

B. Schwinger & Co. hereby engage Louis Meyer for a period of eleven months, beginning Jan. 2, 1912, and ending Dec. 1, 1912, as a foreman, examiner, and manager of factory of said B. Schwinger & Co. Mr. L. Meyer also agrees to furnish said B. Schwinger & Co. with as many first-class operators and finishers as necessary. It is also agreed that Louis Meyer is to receive $30.00 per week as salary. He is not to be paid any extra for overtime or night work, and also agrees to work night work when necessary. B. Schwinger & Co. also agrees to pay said Louis Meyer a bonus of five cents for every jacket and coat mfgd in said factory, excepting samples— duplicates or jobs in jackets or coats. The said L. Meyer to attend to his duties to the satisfaction of B. Schwinger & Co. It is also agreed that, if the said Louis Meyer does not run the factory in first-class condition during the first six weeks, this contract is void. It is also agreed that B. Schwinger & Co. are to deduct five dollars per week from the salary of Louis Meyer, which is to be held by B. Schwinger & Co. as security that he will fulfill this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contract. The said security will be paid to L. Meyer at the expiration of this contract. The bonus to be paid every month.

Benj. Schwinger.<br>Louis Meyer.

It is to be noted that the contract provides that L. Meyer also agrees to furnish the defendant with as many first-class operators and finishers as necessary, but the contract contains the provision:

"The said L. Meyer to attend to his duties to the satisfaction of B. Schwinger & Co."

I think that the above contract, fairly construed, imports the hiring of the plaintiff and an obligation on his part to serve during the term of the contract.

The judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.